**MCDONNELL CROWLEY, LLC**
115 Maple Avenue
Red Bank, New Jersey 07701
(732) 383-7233
bcrowley@mchfirm.com
Brian T. Crowley
*Counsel for John M. McDonnell,*
*Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Case No. 19-12556 (KCF) |
| ELIA J. ZOIS and MARIANA ZOIS, | Honorable Kathryn C. Ferguson |
| Debtors. | Chapter 7 |

**VERIFIED APPLICATION OF JOHN M. McDONNELL,**
**CHAPTER 7 TRUSTEE, IN SUPPORT OF ENTRY OF AN**
**ORDER EXTENDING THE TIME FOR THE TRUSTEE AND/OR**
**THE UNITED STATES TRUSTEE TO OBJECT TO THE DEBTORS' DISCHARGE**

TO:   THE HONORABLE KATHRYN C. FERGUSON,
        UNITED STATES BANKRUPTCY JUDGE:

John M. McDonnell, the chapter 7 trustee (the "Trustee") for Elia J. Zois and Mariana Zois, the chapter 7 debtors (the "Debtors"), by and through his counsel, McDonnell Crowley, LLC, respectfully submits this verified application (the "Application") in support of his motion (the "Motion") for entry of an order extending the time of the Trustee and/or the United States Trustee (the "U.S. Trustee") to object to the Debtors' discharge, pursuant to sections 105 and 727 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") and Rule 4004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  Based upon information and belief, in support of the Motion, the Trustee respectfully represents as follows:

## BACKGROUND

1. On February 6, 2019 (the "Petition Date"), the Debtors filed their joint voluntary petition (the "Petition") for relief under chapter 7 of the Bankruptcy Code. *See* Docket No. 1.

2. On February 7, 2019, John M. McDonnell, Esq. was appointed the Trustee for the Debtors, has duly qualified and is acting in that capacity. *See* Docket No. 3.

3. The Debtors' 341(a) meeting (the "341 Meeting") of creditors was held on March 15, 2019. *See* Docket *generally*.

4. On Schedule "A/B" of the Debtors' Petition the Debtors list approximately $9,000 in assets and over $207 million in liabilities on Schedules "E" and "F" along with various creditors owed unknown amounts. *See* Docket No. 1.

5. The bar date passes on May 13, 2019. As of May 12, 2019, there were claims filed against the Debtors in the amounts of $184,551,922.85. *See* Claims Register *generally*.

6. At the 341 Meeting, the Debtors appeared to provide information as to certain possible assets, transfers, and liabilities that was not consistent with the limited information available to the Trustee.

7. The Debtors claim to have no income. *See* Docket No. 16.

8. Based upon information and belief, despite having no income the Debtors still send their child to a private and reside at a multimillion dollar estate in Colts Neck. The Debtors' claim their lifestyle is maintained by the Debtor's father (Mr. Zois).

9. The Trustee intendeds to work with the Debtors to resolve these potential inconstancies as to their financial condition, including, but not limited to the issuing of a subpoena, pursuant to Bankruptcy Rule 2004. However, the information needed to resolve such issues will not be received until after the Debtors' deadline to object to the Debtors' discharge.

10. Accordingly, based upon information and belief, there remain unresolved issues for the Trustee to accurately determine whether it is necessary to object to the Debtors receiving a discharge as there remain issues as to potential under/undisclosed assets of the estate and potential chapter 5 claims.

11. The current deadline to object to the Debtors' discharge is May 13, 2019. *See* Docket *generally*.

12. The Trustee seeks an extension of the deadline for the Trustee and/or the United States Trustee to object to the Debtors' discharge to and including August 13, 2019, while the Trustee works with the Debtors in the turnover of information/property to resolve the open issues on potential assets of the estates.

13. This is the Trustee's first request for an extension to object to the Debtors' discharge.

**RELIEF REQUESTED**

14. Based on the circumstances described above and the authorities cited below, the Trustee and/or the U.S. Trustee hereby respectfully requests that this Court enter an order extending the time to object to the Debtors' discharge up to and including **August 13, 2019**.

**BASIS FOR RELIEF**

15. The Trustee seeks herein to extend the time to object to the Debtors' discharge pursuant to Fed. R. Bankr. P. 4004(b), which provides in relevant part:

> on motion of any part in interest, after hearing on notice, the court may for cause extend the time to file a complaint objecting to discharge.

Fed. R. Bankr. P. 4004(b). It is respectfully submitted that cause exists to extend the time to object to the Debtors' discharge.

3

16. The relief sought herein is also appropriate pursuant to this Court's equitable powers under section 105(a) of the Bankruptcy Code. It is well settled that bankruptcy courts are courts of equity, empowered to invoke equitable principles to achieve fairness and justice in the administration of bankruptcy proceedings. *See In re Official Comm. of Unsecured Creditors of Cybergenics Corp.*, 330 F.3d 548, 567 (3d Cir. 2003); *Pepper v. Litton*, 308 U.S. 295, 304 (1939); *In re Carlton,* 72 B.R. 543, 547 (Bankr. E.D.N.Y. 1987) (Duberstein, Former Ch. J.).

17. Section 105(a) states that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." *See* 11 U.S.C. § 105(a).

18. As courts commonly acknowledge, section 105 of the Bankruptcy Code confers broad powers on bankruptcy courts:

> [Section] 105 [is] an omnibus provision phrased in such general terms as to be the basis for a broad exercise of power in the administration of a bankruptcy case. The basic purpose of [section] 105 is to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of its jurisdiction . . . .

*Davis v. Davis (In re Davis)*, 170 F.3d 475, 492 (5th Cir. 1999) (internal citations and quotations omitted); *See also In re Kaiser Aluminum Corp.*, 456 F.3d 328, 340 (3d Cir. 2006). Under section 105(a) of the Bankruptcy Code, this Court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the value of the debtor's assets. *See Coie v. Sadkin (In re Sadkin),* 36 F.3d 473, 478 (5th Cir. 1994).

19. In the case *sub judice*, the Trustee requires additional time to further evaluate the various issues in the case – including, potential chapter 5 claims and potential undisclosed/under-disclosed assets of the Debtors' estates and possible inconsistent information provided the Debtors. The Trustee is working to obtain the relevant information needed to

4

allow the Trustee the opportunity to determine whether the Trustee should object to the Debtors' discharge.

20. Thus, the Trustee submits that additional time is needed to make a final determination on whether to file an objection to the Debtors' discharge.

21. Accordingly, it is respectfully requested that the time for objecting to the Debtors' discharge pursuant to sections 105 and 727 of the Bankruptcy Code, as well as any other applicable law, be extended approximately ninety (90) days to and including August 13, 2019.

## NOTICE

22. Notice of the Motion has been given to: (1) the United States Trustee for the District of New Jersey; (2) counsel for the Debtors; (3) the Debtors; and (4) all parties that timely have requested notice in this case. In light of the nature of the relief requested herein, the Trustee submits that no other or further notice is required.

## NO PRIOR REQUEST

23. No previous motion for the relief sought herein has been made to this or to any other court.

## WAIVER OF BRIEF

24. As no novel issue of law is raised and the relevant authorities relied upon by the Trustee are set forth herein, the Trustee respectfully requests that the requirement of D.N.J. LBR 9013-1 of filing a brief be waived.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that this Court enter an order extending the time of the Trustee and/or U.S. Trustee to object to the Debtors' discharge under sections 105 and 727 of the Bankruptcy Code to and including August 13, 2019, and granting any such further relief as this Court deems just, proper, and equitable.

                                                                **MCDONNELL CROWLEY, LLC**
                                                                *Counsel for John M. McDonnell,*
                                                                *Chapter 7 Trustee*

                                        By:             */s/ Brian T. Crowley*
                                                              BRIAN T. CROWLEY

Dated: May 13, 2019

## VERIFICATION PURSUANT TO 28 U.S.C. § 1746

I, **John M. McDonnell**, hereby verify that the foregoing statements are true and correct to the best of my knowledge and belief.

DATED: May 13, 2019                      */s/ John M. McDonnell*
                                          JOHN M. MCDONNELL