McDonnell|Crowley

September 23, 2019

*Via ECF*

Honorable Kathryn C. Ferguson
United States Bankruptcy Judge
United States Court House
402 East State Street
Trenton, NJ 08608

> RE: *In re Elia J. Zois and Mariana Zois*,
> Case No. 19-12556(KCF);
> Additional Support of Retention Application for Perkins Coie LLP
> as Special Counsel to the Trustee (Docket No. 55) and Response to
> the Debtors' Objection (Docket No. 57)

Dear Chief Judge Ferguson:

Please accept this short letter filed on behalf of John M. McDonnell, the chapter 7 trustee (the "Trustee") for the estates of Elia J. Zois ("Elia") and Mariana Zois, the chapter 7 debtors (the "Debtors"), by and through his counsel, McDonnell Crowley, LLC, in lieu of a more formal memorandum in response to the objection (the "Debtors' Objection") filed by the Debtors to the retention application "Retention Application") for Perkins Coie LLP ("Proposed Special Counsel") as proposed special counsel to the Trustee. *See* Docket Nos. 55 and 57.

***In the Debtors' Objection, the Debtor, Elia, appears to offer one immaterial reason as to why the Trustee should not be allowed to retain the professional of his choice – in reality there are <u>at least</u> two to three million potential material reasons (i.e., the potential pool of claims of the estates) as to why the Retention Application should be approved.***

***This is all part of the Debtors' strategy to quickly move this case to closure where the estates' creditors get nothing and the Debtors discharge hundreds of millions in debt while they continue to live a life most people envy.***

Even at the early beginning of these proceedings the Debtors' case involves some of the most apparent exiguous acts of potential bankruptcy fraud and a host of other possible issues that the Trustee and his counsel would struggle to find a more extreme example that they have dealt with over their respective careers. The currently known potential issues to the Trustee are largely reflected in the complaint (the "Trustee Complaint") that was recently filed by the Trustee objecting to the Debtors' discharge. *See* Docket No. 52. The Trustee's Complaint is attached hereto as **Exhibit "1"** and incorporated herein by reference.

The Debtors' Objection appears to object to the retention of Proposed Special Counsel because it will result in unnecessary duplication of efforts and expenses – this is simply not the case. **Proposed Special Counsel will have little to no involvement in the adversary proceeding related to the Trustee's Complaint**.

115 Maple Avenue
Red Bank, NJ 07701
732−383−7233|Phone
732−383−7531|Fax
www.mchfirm.com

McDonnell|Crowley

      The Debtors are all too aware of the likely monsoon of issues that are brewing in this case, which is why at every turn they have sought to provide the Trustee little, no, and/or false information and even threatened to object to the Trustee's first and only motion to extend time to object to the Debtors' discharge unless the Trustee agreed to limit the extension period. Indeed, as an example of the stonewalling and lack of cooperation, when the Trustee learned from federal agents that the Debtors no longer reside at the address they listed on their petition the Trustee demanded the Debtors file a change of address from with this Court. The Debtors ignored this repeated request and it was not until the Trustee threatened to seek an emergent conference call with Your Honor as to why the Debtors should not comply with their obligations to file a basic change of address form that the Debtors finally complied.

      As the Debtors do not even want people to know where they live – they certainly do not want to have an institution with the resources of Proposed Special Counsel helping the Trustee in his investigation of the Debtors and possible assets of the estates.

      As will be addressed by the Proposed Special Counsel in its response to the Debtors' Objection there many known and unknown issues that will require a larger firm with a national practice that has, for example, both a bankruptcy group and a banking/finance group that is well versed in state, federal, and possibly international banking laws and regulations as one of the potential larger claims of the estates in this matter is the apparent involvement of one banking institution that helped the Debtors move millions of dollars that may have been done improperly to help the Debtors avoid claims by their creditors and an outstanding lien on all the Debtors' bank accounts by the IRS.

      Additionally, family members and business associates of the Debtors almost certainly face potential chapter 5 claims by the Trustee

      Moreover, there are many likely other issues and claims the Trustee will need to assistance of Proposed Special Counsel to address. The only reason the Trustee cannot offer a more further definitive clarity as to the open issues and division of labor between professionals is due to the complete lack of cooperation of the Debtors and the various omissions and factual inaccuracies of the Debtors' petition as noted in the Trustee's Complaint. The development of the actual claims and possible litigation will take some time as the Trustee seeks untangle the Debtors' complex accounting and banking practices.

      The Trustee understands his professionals are to avoid redundancy and has every intention of assigning work in the most efficient and economic manner that will allow for the judicious and efficient distribution to creditors.

      This will all occur once the Trustee understands the universe of potential claims. As noted above, Proposed Special Counsel will have little to no input in the Trustee's Complaint. As to chapter 5 claims - the Trustee expects the smaller to mid-size and less litigious chapter 5 claims to be handled by his primary counsel and the larger and more complex matters to be handled by Proposed Special Counsel – again, all with the intention of being efficient and avoiding redundancy.

McDonnell|Crowley

The relief sought in the Retention Application is proper, pursuant to section 327(a) of the Bankruptcy Code, because the employment would have been necessary to assist the Trustee in carrying out his statutory duty. Furthermore, as reflected in the Retention Application and the certification, Proposed Special Counsel is qualified under section 327(a) of the Bankruptcy Code. As such, the Debtors have not carried the burden of proving that Proposed Special Counsel is disqualified.

Moreover, the Trustee sought retention of Proposed Special Counsel to help him in carrying out his duty to liquidate assets of the estates, pursuant to section 704(a) of the Bankruptcy Code.

Proposed Special Counsel is a qualified professional under section 327 of the Bankruptcy Code. "[Bankruptcy] Code [section] 327(a) imposes a two-part test for ascertaining whether a professional is qualified for employment by a trustee or debtor-in-possession. The professional must not "hold or represent an interest adverse to the estate" and must be a "disinterested person." *In re BH & P, Inc.*, 103 B.R. 556, 561–62 (Bankr. D.N.J. 1989). The professional must not "hold or represent an interest adverse to the estate" and must be a "disinterested person." *Id* at 562. "The additional requirement in § 327(a) that a professional employed by a trustee cannot "represent an interest adverse to the estate." *Id.* at 562.

The Debtors, as the objecting parties, offer no evidence to disqualify Proposed Special Counsel as a professional and have not met their burden to support the basis of their Objection.

The Trustee respectfully requests that this Court enter an order (i) denying the relief sought in the Debtors' Objection; (ii) enter an order approving the Retention Application; and (iii) granting any such further relief as this Court deems just, proper, and equitable.[1]

Respectfully submitted,

*/s/     Brian T. Crowley*
BRIAN T. CROWLEY

---

[1] As no novel issue of law is raised and the relevant authorities relied upon by the Trustee are set forth herein, the Trustee respectfully requests that the requirement of D.N.J. LBR 9013-1 of filing a brief be waived.

115 Maple Avenue
Red Bank, NJ 07701
732-383-7233|Phone
732-383-7531|Fax
www.mchfirm.com