**PERKINS COIE LLP**
Jeffrey D. Vanacore
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: 212.262.6900
Email: JVanacore@perkinscoie.com

Deborah M. Kennedy (*pro hac vice* pending)
1900 Sixteenth Street, Suite 1400
Denver, Colorado 80202-5255
Telephone: 303.291.2339
Email: DKennedy@perkinscoie.com

Jeri Leigh Miller (*pro hac vice* pending)
500 North Akard Street, Suite 3300
Dallas, Texas 75201-3347
Telephone: 214.965.7756
Email: JeriMiller@perkinscoie.com

*Proposed* Special Counsel to the Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Case No. 19-12556 (KCF) |
| ELIA J. ZOIS and MARIANA ZOIS, | Chapter 7 |
| Debtors. | Judge Kathryn C. Ferguson |

### RESPONSE OF PERKINS COIE LLP TO THE CERTIFICATION OF ELIA ZOIS IN OPPOSITION TO PLAINTIFF'S APPLICATION TO RETAIN SPECIAL COUNSEL

Perkins Coie LLP hereby responds to the Certification of Elia Zois in Opposition to Plaintiff's[1] Application to Retain Special Counsel (the "Zois Objection") [Doc. No. 57] as follows:

1.  Initially, Mr. Zois objects to the Application for Retention of Perkins Coie LLP as Special Counsel (the "PC Retention Application") [Doc. No. 55] because the instant bankruptcy

---

[1] The PC Retention Application was filed by the Trustee in the Debtors' bankruptcy case, NOT in Discharge Action (defined *infra*). Accordingly, the PC Retention Application was NOT filed by the Trustee in his capacity as a "Plaintiff," but in his capacity as Trustee of the Debtors' chapter 7 bankruptcy estates.

145709376.2

cases "[do] not involve any unique or novel issues that counsel for the Chapter 7 Trustee, who is an experienced bankruptcy attorney, could not handle." *Zois Objection* at ¶ 2. To the contrary, the issues presented in these bankruptcy cases may be extraordinarily complex.

2.  First, Perkins Coie will likely investigate potential "alter ego" claims that arise from the Debtors' use of undisclosed entities including, but not limited to, Mind Gamz, LLC, as both a depository for funds due and owing to the Debtors and as a disbursement vehicle for their personal expenses. The Debtors have been less than forthright with the Trustee regarding the existence and/or scope of any such entities, therefore complicating (and lengthening) the Trustee's investigation thereof and delaying any potential recovery for the creditors of their bankruptcy estates.

3.  Second, the Trustee believes there are potential violations of various banking regulations at play in these bankruptcy cases. Perkins Coie will likely use the expertise of its Financial Services practice[2] to investigate and advise on any such claims that may benefit the creditors of the Debtors' bankruptcy estates.

4.  The Zois Objection continues that "[t]he propose [*sic*] services to be rendered by special counsel appear to overlap with many of the services provided for and issues presented in the 100+ allegation Adversary Complaint filed against my wife and I by Counsel for the Chapter 7 Trustee … [and] would essentially require the Debtors to litigate substantially similar claims in multiple actions." *Zois Objection* at ¶ 4.

5.  Notwithstanding Mr. Zois's contention, Perkins Coie will <u>not</u> have an active role in litigating the referenced adversary proceeding (Adv. Pro. 19-2076) initiated against the Debtors for denial of their respective discharges (the "Discharge Action"). The Trustee seeks to retain

---

[2] https://www.perkinscoie.com/en/practices/corporate-law/corporate-securities/financial-services-corporate-regulatory-compliance-transactions.html

145709376.2

Perkins Coie in connection with the investigation and potential prosecution of, *inter alia*, multi-million dollar avoidance actions.[3]

6.  While it is true that certain of the facts that give rise to the Discharge Action may overlap with those in the potential lawsuits that might be brought by Perkins Coie on behalf of the Trustee, the causes of action will be brought in separate and unconsolidated litigation. To the extent there are related issues, Perkins Coie and counsel for the Trustee will make all efforts to avoid unnecessary duplication of work.

7.  The Zois Objection finally argues that "… the rates found in the proposed arrangement for compensation are far in excess of the rates of present counsel for the Chapter 7 Trustee or other experienced bankruptcy counsel that regularly practice before this Court … [and] the appointment of Special Counsel would create undue financial hardship for myself and my family at a time when we are struggling to make ends meet." *Zois Objection* at ¶¶ 5, 8.

8.  Perkins Coie's rates are higher than those of McDonnell Crowley, counsel to the Trustee, but Perkins Coie is being retained for its specialized experience in both complex commercial litigation and financial services/banking regulation. Ms. Kennedy previously served as a Chapter 7 Trustee in the Northern District of Illinois from 2011-2015 and, with that specialized experience, will be able to efficiently and economically generate the best possible return for the creditors of these estates. Additionally, Perkins Coie will use associates[4], paralegals, and other lower-cost resources, as appropriate, to handle any matters for which it is retained to represent the interests of the Chapter 7 Trustee in these cases.

---

[3] While the universe of potential claims has not been determined at this time, Perkins Coie will be asked to handle those claims of significant value to the estates and/or those that may require lengthy or more contentious litigation.

[4] An Application to Appear *Pro Hac Vice* has already been filed in this case on behalf of Jeri Leigh Miller, a Perkins Coie associate in the Dallas office, who currently has a billing rate of $510/hour for matters of this type.

145709376.2

9. Finally, the retention of Perkins Coie as special counsel to the Trustee should not have any impact on the Debtors' current financial situation.[5] As with other professionals retained by the Trustee, Perkins Coie will request payment of its fees and reimbursement of its expenses as required by the terms of the Bankruptcy Code, Bankruptcy Rules, and any applicable local rules of this Court. Any such fees and expenses allowed by the Court will be paid through available funds in the Chapter 7 estates.

WHEREFORE, for the reasons set forth above and in the PC Retention Application, Movant respectfully requests entry of an Order granting the PC Retention Application and for any related relief that this Court deems just and proper.

Dated: September 23, 2019

*/s/ Jeffrey D. Vanacore*
**PERKINS COIE LLP**
Jeffrey D. Vanacore
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: 212.262.6900
Email: JVanacore@perkinscoie.com

Deborah M. Kennedy (*pro hac vice* pending)
1900 Sixteenth Street, Suite 1400
Denver, Colorado 80202-5255
Telephone: 303.291.2339
Email: DKennedy@perkinscoie.com

Jeri Leigh Miller (*pro hac vice* pending)
500 North Akard Street, Suite 3300
Dallas, Texas 75201-3347
Telephone: 214.965.7756
Email: JeriMiller@perkinscoie.com

*Proposed* Special Counsel to the Chapter 7 Trustee

---

[5] Despite Mr. Zois's claim that his family is "struggling to make ends meet," upon information and belief the Debtors recently relocated to The Monmouth, an "intimate 55+ community boast[ing] a 7,000 square foot clubhouse with outstanding amenities including an indoor and outdoor pool, fitness center, sauna & an 18-hole putting golf course." *See generally* https://www.realtor.com/realestateandhomes-detail/141-Oval-Rd_Manasquan_NJ_08736_M54593-63215. The Trustee is informed that the Debtors' children remain in private school with payments having been made to St. Luke's in the amount of $10,000 on April 15, 2019 and to The Hill School in the amount of $14,080.09 on April 30, 2019.

145709376.2