IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

FEE APPLICATION COVER SHEET
SPECIAL COUNSEL TO THE CHAPTER 7 TRUSTEE

| | | | |
|---|---|---|---|
| Debtors: | Elia J. Zois and Mariana Zois | Applicant: | Perkins Coie LLP |
| Case No: | 19-12556 (KCF) | Client: | Chapter 7 Trustee, John M. McDonnell |
| Chapter: | 7 | Case Filed: | 02/06/2019 |

## SUMMARY

**First Interim and Final Application for Compensation**

| | FEES | EXPENSES |
|---|---|---|
| Total Previous Fee Requested: | $0.00 | $0.00 |
| Total Fees Allowed to Date: | $0.00 | $0.00 |
| Total Retainer (If Applicable): | $0.00 | $0.00 |
| Total Holdback (If Applicable): | $0.00 | $0.00 |
| Total Received by Applicant: | $0.00 | $0.00 |

| NAME OF PROFESSIONAL & TITLE | HOURS | RATE | FEE |
|---|---|---|---|
| Jeffrey D. Vanacore<br>*Senior Counsel* | 23.20 | $840.00 | $8,232.00 |
| | 5.60 | $890.00 | $4,984.00 |
| Deborah M. Kennedy<br>*Senior Counsel* | 115.10 | $730.00 | $54,750.00 |
| | 76.60 | $770.00 | $58,982.00 |
| Jeri Leigh Miller<br>*Associate* | 5.40 | $510.00 | $2,754.00 |
| Rachel A. Leibowitz<br>*Paralegal* | 10.60 | $265.00 | $1,325.00 |

Fee Total:                $131,027.00

Disbursements Total:      $10,931.92

Fee Application Total:    $141,958.92

I certify under penalty of perjury that the above is true.

Dated: July 1, 2021                                    By:    */s/ Jeffrey D. Vanacore*

152791637.3

**PERKINS COIE LLP**
Jeffrey D. Vanacore
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036-2711
Telephone: 212.262.6900
Email: JVanacore@perkinscoie.com

Deborah M. Kennedy (admitted *pro hac vice*)
1900 Sixteenth Street, Suite 1400
Denver, CO 80202-5255
Telephone: 303.291.2339
Email: DKennedy@perkinscoie.com

Special Counsel to the Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Case No. 19-12556 (KCF) |
| ELIA J. ZOIS and MARIANA ZOIS, | Chapter 7 |
| Debtors. | Judge Kathryn C. Ferguson |

**FIRST INTERIM AND FINAL APPLICATION OF PERKINS COIE LLP**
**FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**
**AS SPECIAL COUNSEL TO THE CHAPTER 7 TRUSTEE**

Jeffrey D. Vanacore and the partners, associates, and paraprofessionals of Perkins Coie LLP, (collectively, "Perkins Coie"), as special counsel for John M. McDonnell, the chapter 7 trustee, (the "Trustee") for the bankruptcy estates of Elia J. Zois and Mariana Zois, (the "Debtors"), hereby respectfully submit this first interim and final application, (the "Application") for allowance of compensation in the amount of $131,027.00 and reimbursement of actual and necessary expenses in the amount of $10,931.92 incurred during the period of October 3, 2019 through May 6, 2020, (the "Application Period"). In further support of this Application, the Trustee states:

152791637.3

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant, *inter alia*, to 28 U.S.C. § 157(b)(2)(A) and (O).

## BASIS FOR RELIEF

2. The statutory bases for the relief requested herein are section 330(a) of the United States Bankruptcy Code (the "Bankruptcy Code"), sections 2002(a)(6) and 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Rules for the United States Bankruptcy Court for the District of New Jersey, (the "Local Rules").

## FACTUAL AND PROCEDURAL BACKGROUND

3. On February 6, 2019, the Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. On February 7, 2019, the Trustee was appointed as chapter 7 trustee of Debtors' estates, *[Docket No. 3]*.

4. On February 12, 2019, the Trustee filed an *Initial Report of Assets*, *[Docket No. 7]*.

5. The section 341(a) meeting of creditors was held on March 15, 2019.

6. On September 3, 2019, the Trustee filed his *Trustee's Application to Employ Special Counsel [Docket No. 55]*, which was granted on October 3, 2019, *[Docket No. 73]*.

## NATURE OF SERVICES PROVIDED

7. The services provided by Perkins Coie assisted the Trustee in his administration of the estates in connection with a multitude of complex issues. Perkins Coie investigated and produced a memorandum regarding potential "alter ego" claims arising from the Debtors' use of undisclosed entities including, *inter alia*, Mind Gamz, LLC, as both a depository for funds due and owing to the Debtors and as a disbursement vehicle for their personal expenses. Additionally,

Perkins Coie investigated and consulted extensively with the Trustee regarding the prosecution of multiple potential claims under chapter 5 of the Bankruptcy Code, as well as the Debtors' potential violations of various banking regulations.  Perkins Coie's investigation entailed the issuance of thirty-eight (38) subpoenas for the production documents pursuant to Bankruptcy Rule 2004 and comprehensive review of the documents produced.  Subsequently, Perkins Coie conducted Bankruptcy Rule 2004 examinations of the Debtors and multiple other parties.  Perkins Coie facilitated the negotiation of a global settlement with the Debtors and assisted the Trustee in drafting a settlement agreement and motion to approve settlement pursuant to Bankruptcy Rule 9019, which resulted in the entry of judgment in the amount of $250,000 as well as the denial of Debtors' discharges.

8. The time records attached to this Application set forth the nature and extent of the services rendered by Perkins Coie in assisting the Trustee in carrying out his duties.

9. Perkins Coie has made every effort to ensure that the services it performed for the Trustee were handled by qualified persons at the lowest hourly rates possible, consistent with the skillset required for each particular task.

### RELIEF REQUESTED

10. The Trustee requests that Perkins Coie be granted an interim and final allowance of fees for work performed during the Application Period in the amount of $131,027.00, as well as reimbursement of expenses in the amount of $10,931.92.  Attached hereto as **Exhibit B** is a detailed itemization of the legal services performed[1].

11. The Trustee requests entry of an order allowing and authorizing an interim and final

---

[1] The invoices constituting Exhibit B include billing prior to the Order granting the *Trustee's Application to Employ Special Counsel*, this time is only reflected in the total hours expended on this case and is excluded from the total fees requested.

152791637.3

payment of the fees and expenses requested by Perkins Coie in the total amount of $141,958.92 for legal services rendered and related expenses.

## SUMMARY OF SERVICES RENDERED BY TIMEKEEPER

12.     In summary, the total value provided by each professional is as follows:

| NAME OF PROFESSIONAL & TITLE | HOURS | RATE | FEE |
|---|---|---|---|
| Jeffrey D. Vanacore<br>*Senior Counsel* | 23.20 | $840.00 | $8,232.00 |
| | 5.60 | $890.00 | $4,984.00 |
| Deborah M. Kennedy<br>*Senior Counsel* | 115.10 | $730.00 | $54,750.00 |
| | 76.60 | $770.00 | $58,982.00 |
| Jeri Leigh Miller<br>*Associate* | 5.40 | $510.00 | $2,754.00 |
| Rachel A. Leibowitz<br>*Paralegal* | 10.60 | $265.00 | $1,325.00 |
| **Totals** | 236.50 | | $131,027.00 |
| **Blended Rate** | | | $554.02 |

13.     The hourly rates charged by Perkins Coie in the course of its representation of the Trustee compare favorably with the rates charged by other national firms having attorneys and paralegals with similar experience and expertise. Further, the amount of time spent by Perkins Coie with respect to representing the Trustee is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, and the amounts at issue.

14.     Perkins Coie always conscientiously attempted to avoid having multiple attorneys appear or convene on behalf of the Trustee. In certain circumstances, however, it may have been necessary for more than one Perkins Coie to attorney attend a meeting to strategize on issues that had particular import in these cases. To the greatest extent possible, meetings, negotiations, and other matters were handled on an individual basis.

15.     Given the *Johnson* criteria codified in 11 U.S.C. § 330(a)(3), namely: (i) the nature,

extent and value of the services; (ii) the time spent; (iii) the rates charged for such services; (iv) the performance of the services within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (v) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, Perkins Coie respectfully submits that the requested interim compensation represents a fair and reasonable amount that should be allowed in full.

## EXPENSES INCURRED

16. The actual and necessary costs expended during the Application Period are summarized below and set forth in detail in **Exhibit C** hereto. The requested reimbursement amount for expenses incurred is $10,931.92. All expenses for which reimbursement is sought are expenses that Perkins Coie customarily recoups from its clients.

17. All expenses incurred by Perkins Coie were ordinary and necessary expenses. All expenses billed to the Trustee were billed in the same manner as Perkins Coie bills non-bankruptcy clients. Further, the expenses for which reimbursement is sought constitute the types and amounts previously allowed by bankruptcy judges in this and other districts.

18. The specific expenses incurred during the Application Period for which reimbursement is requested are as follows:

| Expense Category | Amount |
|---|---:|
| Appearance Fees | $300.00 |
| Court Reporter | $4,277.79 |
| Photocopies / Printing | $136.00 |
| Postage / Messenger Service | $92.42 |
| Research | $171.60 |
| Taxi / Car Service | $543.64 |
| Travel Expenses | $5,098.58 |

152791637.3

| Travel Meals | $311.89 |
|---|---|
| **Total:** | **$10,931.92** |

## COMPLIANCE WITH 11 U.S.C. § 504

19.     Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Perkins Coie and any other firm, person or entity for the sharing or division of any compensation paid or payable to Perkins Coie.

## NOTICE

20.     Notice of this Application, together with a copy of the Application, has been provided to the Trustee, the U.S. Trustee, and all parties that have requested or receive notice through CM/ECF.

WHEREFORE, the Trustee respectfully requests entry of an order:

A.  Granting Perkins Coie interim and final allowance of compensation in the amount of $131,027.00 for professional services rendered on behalf of the Trustee;

B.  Allowing Perkins Coie reimbursement of expenses incurred in the amount of $10,931.92;

C.  Authorizing, but not directing, the Trustee to pay all allowed compensation and expense reimbursement to Perkins Coie;

D.  Finding that due and adequate notice has been given; and

E.  Granting such other and further relief as may be equitable in the circumstances.

Respectfully Submitted,

Dated: July 1, 2021         **John M. McDonnell, Chapter 7 Trustee**

By: */s/ Jeffrey D. Vanacore*

**PERKINS COIE LLP**
Jeffrey D. Vanacore
1155 Avenue of the Americas, 22nd Floor
New York, NY  10036-2711
Telephone: 212.262.6900
Email: JVanacore@perkinscoie.com

152791637.3

Deborah M. Kennedy (admitted *pro hac vice*)
1900 Sixteenth Street, Suite 1400
Denver, CO 80202-5255
Telephone: 303.291.2339
Email: DKennedy@perkinscoie.com

*Special Counsel to the Chapter 7 Trustee*

152791637.3